UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ALBERTO MAURI RODRIGUEZ (A-Number: 206-476-828),<br><br>Petitioner,<br><br>v.<br><br>WARDEN, CALIFORNIA CITY IMMIGRATION PROCESSING CENTER, et al.,<br><br>Respondents. | No. 1:26-cv-5361-KES-SAB (HC)<br><br>ORDER ADOPTING FINDINGS AND RECOMMENDATIONS, GRANTING FIRST AMENDED PETITION FOR WRIT OF HABEAS CORPUS, AND REQUIRING IMMEDIATE RELEASE<br><br>Docs. 12, 15 |

Petitioner Alberto Mauri Rodriguez is an immigration detainee proceeding with a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2241. This matter was referred to a United States Magistrate Judge pursuant to 28 U.S.C. § 636(b)(1)(B) and Local Rule 302.

On October 16, 2026, the assigned magistrate judge issued findings and recommendations that recommended granting the first amended petition on Count One and ordering petitioner's immediate release. Doc. 15. The findings and recommendations were served on the parties and contained notice that any objections thereto were to be filed within fourteen days after service. On October 28, 2026, petitioner filed timely objections. Doc. 16. On October 30, 2026, respondents filed timely objections. Doc. 17.

In accordance with 28 U.S.C. § 636(b)(1), the court reviewed the matter de novo. Having carefully reviewed the file, including the parties' objections, the court concludes that the findings and recommendations are supported by the record and proper analysis. In addition to objecting

"for the reasons set forth in their previous pleadings," respondents argue that petitioner's removal to Mexico is reasonably foreseeable and that the only hinderance to petitioner's removal is petitioner's decision not to "cooperate" with removal. Doc. 17 at 2. While a noncitizen may not meet his burden under the *Zadvydas v. Davis*, 533 U.S. 678 (2001), framework if he refuses "to cooperate fully and honestly with officials to secure travel documents from a foreign government," *Lema v. I.N.S.*, 341 F.3d 853, 856 (9th Cir. 2003), numerous district courts have held that when a "petitioner is not agreeing to voluntarily depart to a country he is not from and is under no legal obligation to go to, he may [not] be detained indefinitely." *Vargas v. Blanche*, No. 1:26-cv-05343-DAD-AC (HC), 2026 WL 2056618, at *2 (E.D. Cal. July 16, 2026); *see, e.g.*, *Ruiz-Acosta v. Central Valley Annex*, No. 1:26-cv-04371-DAD-JDP (HC), 2026 WL 1846727, at *3 (E.D. Cal. June 26, 2026) ("Because there is not a likelihood that either Cuba or Mexico will accept Petitioner in the reasonably foreseeable future, his detention is no longer permitted by the INA as construed in *Zadvydas*."); *Arenado-Borges v. Bondi*, No. 2:25-cv-02193-JNW, 2025 WL 3687518, at *4 (W.D. Wash. Dec. 19, 2025) ("[E]vidence of Mexico's acceptance policy casts further doubt on the Government's ability to remove [petitioner] to Mexico in the reasonably foreseeable future[.]"); *Castillo Rivas v. Bondi*, No. C26-0134-KKE, 2026 WL 295705, at *3 (W.D. Wash. Feb. 4, 2026) ("Mexico will not accept [non-Mexican nationals] against their will. Accordingly, the Court finds that the Government has not met its burden[.]"). As respondents have not provided any other evidence to the contrary, the government has failed to rebut the showing that there is no significant likelihood of removal in the reasonably foreseeable future.

In his objections, petitioner requests that the court order that he be provided with certain procedural protections in the event respondents seek to remove him to a third country. Doc. 16 at 2; Doc. 12 at 20. Respondents argue that petitioner's request exceeds this court's habeas jurisdiction under 8 U.S.C. § 1252(b)(9) & (g). Doc. 17 at 1–2.[1] But petitioner is not challenging his removal order. And "[c]ourts have repeatedly held that due process is violated where third-

[1] Respondents note that the Supreme Court has granted certiorari on the issue of whether a district court had jurisdiction over putative class action claims challenging DHS's third-country removal procedures. Doc. 17 at 2; *see DHS v. D.V.D.*, 2026 WL 2917860 (U.S. Sept. 29, 2026) (No. 26-426).

country removal procedures fail to provide adequate notice and a meaningful opportunity to raise fear-based claims before removal is executed." *Ventura Santa Maria v. Johnson, et al.*, No. 5:26-CV-3567-DSR, 2026 WL 3313447, at *5 (C.D. Cal. Nov. 2, 2026) (collecting cases); *see also Vishal v. Chestnut*, 811 F. Supp. 3d 1179, 1187–88 (E.D. Cal. 2025). And courts have required respondents to provide due process in effectuating third country removals, including in habeas proceedings. *See A.A.M. v. Andrews*, No. 1:25-CV-01514-DC-DMC (HC), 2025 WL 3685159, at *6 (E.D. Cal. Dec. 19, 2025); *Nguyen v. Scott*, 796 F. Supp. 3d 703, 727–738 (W.D. Wash. 2025); *Gomez v. Mattos*, 817 F. Supp. 3d 1002, 1013 (D. Nev. 2025); *Touray v. Genalo*, No. 26 CIV. 8370 (AT), 2026 WL 3026067, at *2–3 (S.D.N.Y. Oct. 7, 2026).

"The Fifth Amendment guarantees due process in deportation proceedings." *Torres-Aguilar v. I.N.S.*, 246 F.3d 1267, 1270 (9th Cir. 2001). And "[f]ailing to notify individuals who are subject to deportation that they have the right to apply for asylum in the United States and for withholding of deportation to the country to which they will be deported violates the constitutional right to due process." *Andriasian v. I.N.S.*, 180 F.3d 1033, 1041 (9th Cir. 1999). "In the context of country of removal designations, last minute orders of removal to a country may violate due process if an immigrant was not provided an opportunity to address his fear of persecution in that country." *Nguyen v. Scott*, No. 2:25-CV-01398, 2025 WL 2419288, at *18 (W.D. Wash. Aug. 21, 2025) (quoting *Najjar v. Lynch*, 630 Fed. App'x 724 (9th Cir. 2016)); *see also Nguyen v. Scott*, 2025 WL 2419288, at *18–23; *Zakzouk v. Becerra*, No. 25-CV-06254-KAW, 2025 WL 2899220, at *4 (N.D. Cal. Oct. 10, 2025); *Baltodano v. Bondi*, No. C25-1958RSL, 2025 WL 2987766, at *2–3 (W.D. Wash. Oct. 23, 2025); *Vu v. Noem*, No. 1:25-CV-01366-KES-SKO (HC), 2025 WL 3114341, at *9 (E.D. Cal. Nov. 6, 2025).

For the reasons addressed in *Viengkhone S. v. Albarran*, 817 F. Supp. 3d 901, 915 (E.D. Cal. 2025) and *Vu v. Noem*, 2025 WL 3114341, the court also grants the petition of writ of habeas corpus as to Count Three.

///

///

///

The Court ORDERS:

1. The findings and recommendations, Doc. 15, are ADOPTED.
2. The petition for writ of habeas corpus, Doc. 1, is GRANTED on counts one and three.
3. Respondents are ORDERED to release petitioner Alberto Mauri Rodriguez (A-Number: 206-476-828) immediately under the conditions of his most recent order of supervision. Respondents are ENJOINED AND RESTRAINED from re-detaining petitioner unless there are material changed circumstances and a neutral decisionmaker determines that there is a significant likelihood of petitioner's removal in the reasonably foreseeable future.
4. Respondents are ENJOINED AND RESTRAINED from removing petitioner to a third country without first providing him with constitutionally compliant procedures, including:
   a. Written notice to petitioner and counsel of the third country to which he may be removed, in a language that petitioner can understand, provided at least 21 days before any such removal;
   b. A meaningful opportunity for petitioner to raise a fear of return for eligibility for protection under the Convention Against Torture, including a reasonable fear interview before a DHS officer;
   c. If petitioner demonstrates a reasonable fear during the interview, DHS must move to reopen his underlying removal proceedings so that he may apply for relief under the Convention Against Torture; and
   d. If it is found that petitioner does not demonstrate a reasonable fear during the interview, a meaningful opportunity, and a minimum of 15 days, for petitioner to seek to move to reopen his underlying removal proceedings to challenge potential third-country removal.
5. Respondents are ORDERED to provide petitioner with a copy of this Order upon his release.

6. The Clerk of Court is directed to close this case and enter judgment for petitioner.
7. The Clerk is directed to serve the California City ICE Processing Center with a copy of this Order.

IT IS SO ORDERED.

Dated: November 22, 2026

UNITED STATES DISTRICT JUDGE